**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **AL GOHMAN,** *Plaintiff,* v. **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** *Defendant.* | **Civil Action No. 15-8653** **OPINION** |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Al Gohman's ("Plaintiff") request for review, pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g), of the Commissioner of Social Security Administration's ("Commissioner") denial of disability benefits to Plaintiff. For the reasons set forth below, the Commissioner's decision is **AFFIRMED.**

**I.   APPLICABLE LAW**

   **A.  Standard of Review**

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). This Court must affirm the Commissioner's decision if there exists substantial evidence to support the decision. 42 U.S.C. § 405(g); Markle v. Barnhart, 324 F.3d 182, 187 (3d Cir. 2003). Substantial evidence, in turn, "means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995). Stated differently, substantial evidence consists of "more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004).

"[T]he substantial evidence standard is a deferential standard of review." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). Accordingly, the standard places a significant limit on the district court's scope of review: it prohibits the reviewing court from "weigh[ing] the evidence or substitut[ing] its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Therefore, even if this Court would have decided the matter differently, it is bound by the Commissioner's findings of fact so long as they are supported by substantial evidence. Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012) (quoting Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001)).

In determining whether there is substantial evidence to support the Commissioner's decision, the Court must consider: "(1) the objective medical facts; (2) the diagnoses of expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; and (4) the claimant's educational background, work history, and present age." Holley v. Colvin, 975 F. Supp. 2d 467, 475 (D.N.J. 2013) aff'd 590 F. App'x 167 (3d Cir. 2014).

**B. Five-Step Sequential Analysis**

In order to determine whether a claimant is disabled, the Commissioner must apply a five-step test. 20 C.F.R. § 404.1520(a)(4). First, it must be determined whether the claimant is currently engaging in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" is defined as work activity, both physical and mental, that is typically performed for either profit or pay. 20 C.F.R. § 404.1572. If it is found that the claimant is engaged in substantial gainful activity, then he or she is not disabled and the inquiry ends. Jones, 364 F.3d at 503. If it is determined that the claimant is not engaged in substantial gainful activity, the analysis moves on to the second step: whether the claimed impairment or combination of impairments is

"severe." 20 C.F.R. § 404.1520(a)(4)(ii). The regulations provide that an impairment or combination of impairments is severe only when it places a significant limit on the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the claimed impairment or combination of impairments is not severe, the inquiry ends and benefits must be denied. Id.; Ortega v. Comm'r of Soc. Sec., 232 F. App'x 194, 196 (3d Cir. 2007).

At the third step, the Commissioner must determine whether there is sufficient evidence to show that the claimant suffers from a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii). If so, a disability is conclusively established and the claimant is entitled to benefits. Jones, 364 F.3d at 503. If not, the Commissioner, at step four, must ask whether the claimant has a "residual functional capacity" such that he is capable of performing past relevant work; if that question is answered in the affirmative, the claim for benefits must be denied. Id. Finally, if the claimant is unable to engage in past relevant work, the Commissioner must ask, at step five, "whether work exists in significant numbers in the national economy" that the claimant is capable of performing in light of "his medical impairments, age, education, past work experience, and 'residual functional capacity.'" 20 C.F.R. §§ 404.1520(a)(4)(iii)-(v); Jones, 364 F.3d at 503. The claimant bears the burden of establishing steps one through four, while the burden of proof shifts to the Commissioner at step five. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

## II. BACKGROUND

### A. Procedural History

This case arises out of Plaintiff's August 17, 2010 application for disability insurance, for the period of time beginning June 30, 2009. Tr. 253-59, 291. The application was denied initially on October 30, 2010 and on reconsideration on April 13, 2011. A hearing was then held before the Honorable Dennis O'Leary (the "ALJ") on May 11, 2012. Tr. 27-49. The ALJ issued an

opinion on May 17, 2012, finding that Plaintiff was not disabled under the Act. Tr. 90-97. On September 26, 2013, the Appeals Council granted Plaintiff's request for review, vacated the May 17, 2012 decision, and remanded Plaintiff's case back to the ALJ for reconsideration. Tr. 102-06.

A second hearing was held before the ALJ on June 2, 2014, at which Plaintiff, his girlfriend, and a vocational expert (the "VE") testified. Tr. 50-82. On June 27, 2014, the ALJ issued a second decision finding that Plaintiff was not disabled under the Act. Tr. 13-21. The Appeals Council then affirmed the ALJ's decision on October 22, 2015. Tr. 1-6. Plaintiff now seeks review of the ALJ's June 27, 2014 decision.

**B. Factual Background**

Plaintiff is a 43 year old man, currently residing in Oak Ridge, Morris County. Tr. 239. He was 35 years old on June 30, 2009, the date on which he alleges that he became disabled. Accordingly, he is considered to be a "younger individual" under the Social Security Regulations. See 20 C.F.R. § 404.1563(c) (the age of individuals over 50 is considered in assessing their ability to adjust to other work, while the age of younger individuals is not).

1. Medical Evidence

Plaintiff received his Associate's Degree in computer network administration from Gibbs College in 2004. Tr. 33, 54-55, 453. His past relevant work history includes working as a network technician, laborer, and groundskeeper. Tr. 19, 79, 300. Plaintiff's most recent job was as a Computer Technician for the Montclair Board of Education where he worked from 2005-2009. Tr. 55. Plaintiff testified that the lifting he engaged in at his job in Montclair caused him a great deal of pain such that he was unable to work because of sharp pain in his legs, difficulty holding and manipulating small objects, and pain throughout his body. Tr. 56-59. Prior to working for

4

Montclair, Plaintiff was in an automobile accident in 2002. Tr. 369. The accident required surgery and treatment to his neck and back. Tr. 379-80.

Since October 2008, Plaintiff has been treated by Harold Leader, M.D. Tr. 403. Plaintiff supports his claim with records from Dr. Leader from 2008 until July 2012. Tr. 394, 425, 504. In Plaintiff's most recent visit with Dr. Leader, he reported shooting pain from his neck down his right arm, muscle spasms in his right arm and leg, and trouble with sensation in his right hand. Tr. 504. Dr. Leader documented normal gait, motor strength, and sensation. Tr. 504. An MRI taken of Plaintiff showed "minor disc bulges" on the left. Id. Dr. Leader diagnosed Plaintiff with fibromyalgia and prescribed him Lyrica. Id.

Plaintiff has also been treated by a consultative physician, Justin Fernando, M.D., several times over the same period. Tr. 404-09, 454. Most recently, in March 2011, Plaintiff reported pain in his neck, back, and right hip and knee. Tr. 454. Dr. Fernando documented that Plaintiff was independent of the assistive device he brought to the examination, that he claimed to experience pain whenever he was touched, and that he declined to participate in much of the examination. Id. Plaintiff has also seen a state agency physician, Normal Schachtel, M.D. Tr. 410-15.

In addition to treatment for physical symptoms, Plaintiff has sought treatment for psychological symptoms. Dr. Leader noted that Plaintiff was alert, behaved appropriately, and interacted cooperatively. Tr. 395, 425. In March 2011, Solomon Miskin, M.D., performed a psychological examination at the request of a state agency. Tr. 451. Dr. Miskin noted that Plaintiff was "alert and oriented in all spheres. He is cooperative, coherent and compliant." Tr. 452. Dr. Miskin also noted that Plaintiff had appropriate affect, was "mildly anxious and mildly guarded."

Id. Plaintiff reported "bouts of dejection." Id. Dr. Miskin diagnosed Plaintiff with major depressive disorder in moderate severity. Tr. 253.

2. ALJ Decision

In his June 27, 2014 decision, the ALJ denied Plaintiff's SSI claims. Tr. 10. The ALJ found that Plaintiff had not engaged in substantial gainful activity since June 30, 2009, the alleged onset date. Tr. 15. He had severe back impairments and carpal tunnel syndrome. Id. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ then found that Plaintiff had the RFC to perform sedentary work, limited to occasional manipulation use of fingers and the ability to sit and stand at his election. Tr. 16. At steps four and five, the ALJ found that Plaintiff could not perform past relevant work, but had the RFC to "mak[e] a successful adjustment to other work that exists in significant numbers in the national economy." Tr. 21.

### III. ANALYSIS

Plaintiff alleges that the case must be remanded because the ALJ's findings were not supported by substantial evidence. Plaintiffs points to the following errors: (1) at step three, the ALJ incorrectly found that Plaintiff's impairments did not equal that of a listed impairment; (2) at steps two and three, that the ALJ failed to consider Plaintiff's mental impairment; and (3) at step four, the ALJ's RFC assessment that Plaintiff can perform sedentary work is not supported by substantial evidence

**A. Substantial Evidence Supports the ALJ's Determination that Plaintiff's Impairments Did Not Meet or Equal One of the Commissioner's Listings**

Plaintiff first asserts that the ALJ's finding that Plaintiff's severe impairments did not equal a listed impartment is not supported by substantial evidence. Specifically, Plaintiff challenges the

ALJ's reasons for giving the medical doctors' opinions diminished weight when the ALJ determined that the Plaintiff's ailments do not meet the Commissioner's listing criteria. Pl.'s Br. at 19, Reply at 8. The Court disagrees.

Here, the ALJ considered whether the severity of Plaintiff's impairments met Listing 1.04 for back disorders or Listing 1.02 for joint dysfunction. Tr. 16. Substantial evidence supported the ALJ's findings that he did not. With respect to Listing 1.04, Plaintiff notes that substantial evidence supported findings of "spinal stenosis, scoliosis, and degenerative disc disease," but for a spinal disorder to be a listed impairment, Plaintiff must also experience either root compression, spinal arachnoiditis, or lumbar spinal stenosis. 20 C.F.R. Pt. 404, Subpt. P., App. 1 § 12.04, Listing 1.04. The ALJ noted that no medical records point to these symptoms, and Plaintiff does not point to any now. Tr. 16. With respect to Listing 1.02, the ALJ noted that Plaintiff did not exhibit a "degree of difficulty in ambulating as defined in 1.00B2b, nor does the evidence establish gross anatomical deformity or findings of joint space narrowing, bony destruction or aklylosis of a weight bearing joint." Tr. 16. Plaintiff argues that Plaintiff's treating physician reports demonstrate that he has a limited range of motion, such that they could not conduct a thorough mobility test. Pl.'s Br. at 20. But the ALJ's finding that Plaintiff does not meet Listing 1.02 is supported by substantial evidence. For instance, the record showed that Plaintiff walked with a normal gait, and did not have extreme loss of function of his upper extremities. Tr. 394, 396, 405-06, 425.[1]

---

[1] Plaintiff's argument that the ALJ failed to consider Plaintiff's fibromyalgia diagnosis is unavailing. Fibromyalgia is not a listed impairment on its own, but may be considered to be medically equal to a listing in combination with other impairments at step three. See SSR 12-2p. The ALJ did so here, explicitly making findings as to whether Plaintiff's fibromyalgia, together with his back impairments, equaled a medical listing. Tr. 18-19. To the extent that Plaintiff asserts that fibromyalgia needed to be considered at step two, the ALJ was not required to make a finding

7

The ALJ considered Plaintiff's treating physician, Dr. Leader's records. Tr. 17-18. In particular, the ALJ noted that Plaintiff only had one trigger point injection in October 2008 and underwent some physical therapy in 2009, but has not experienced any other treatment since. Tr. 18. The ALJ noted that as of May 2009, the Plaintiff was "noted to have full range of motion of the shoulders and cervical range of motion to 80 degrees on the right and 70 on the right." Id.

On reply, Plaintiff argues that the ALJ failed to appropriately credit his testimony when assessing his impairments. Reply at 10-12. The Court again disagrees.

Plaintiff testified that he suffers a number of physical and psychological problems that prohibit him from performing in the competitive labor market on both a full-time and part-time basis, including: (1) severe neck and back pain, (2) carpal tunnel syndrome, (3) fibromyalgia and (4) emotional and cognitive problems relating to depression. However, the ALJ provided reasons to find that Plaintiff was not credible as his subjective belief of his conditions was undermined by objective medical evidence. See Salles v. Commissioner of Social Sec., 229 Fed. App'x 140, 146 (3d Cir. 2007) ("allegations of pain and other subjective symptoms must be supported by objective medical evidence"); see also Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999).

The ALJ noted several inconsistencies between Plaintiffs' subjective complaints and the medical record. For instance, the ALJ explained that although Plaintiff was in a car accident in 2002 and suffered from various ailments that required surgery, he then recovered and was able to work for five years. Tr. 19. The ALJ noted that "examinations revealed mild to moderate limitations in his range of movement, and loss of reflex in his right arm only." Id. He noted that Plaintiff's "behavior at examinations does nothing more than to cast doubt on his credibility." Id.

---

as to the severity of Plaintiff's fibromyalgia at step two because a different medical condition was found severe at this step. See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005).

8

Furthermore, Plaintiff's contention that he is unable to get in and out of the shower without help is inconsistent with this admission of an ability to drive. Id. The ALJ explained that he found Plaintiff's claims about his back pain to be incredible because no records were submitted for a neurologist that Plaintiff claimed to have visited, and there were no records of treatment with a family doctor between November 2010 and July 2012. Id.

For the above reasons, the ALJ's findings that Plaintiff's severe impairments do not meet or equal a medically listed impairment is supported by substantial evidence. The matter cannot be remanded for this reason.

### B. The ALJ Properly Concluded that Plaintiff Did Not Have a Severe Mental Impairment

Plaintiff asserts that the ALJ disregarded his depression diagnosis. Pl.'s Br. at 22-24. The Court disagrees. In his opinion, the ALJ offers many reasons why he made the finding that Plaintiff's depression was non-severe. The ALJ noted that a consultative examination with Dr. Miskin from 2011 "was essentially normal with a finding of mild anxiety only." Tr. 17. The decision notes that "claimant denied ever pursuing treatment at that time and has still failed to pursue treatment." Id. The ALJ then reasoned that he found Dr. Miskin's diagnosis of major depression to be "inconsistent with his own examinations and based solely on the claimant's rather mild complaints." Id. The ALJ therefore found that Plaintiff's allegations of depression were not credible. And the ALJ found "mild to no limitations in all areas of mental function" and "no episodes of decompensation." Id. In addition to Dr. Miskin's assessment, state agency expert psychiatrist Dr. Golin opined that Plaintiff only had mild limitations in activities of daily living, social functioning, and concentration, persistence and pace. Tr. 462-74. Accordingly, the ALJ's findings are supported by substantial evidence.

### C. The ALJ Properly Concluded that the Plaintiff Can Perform the Requirements of Sedentary Work.

Plaintiff argues that the ALJ erred because his RFC assessment that Plaintiff can perform sedentary work is not supported by substantial evidence. Reply at 9. Plaintiff specifically contends that the ALJ failed to give sufficient weight to (1) Plaintiff's own testimony, (2) the Vocational Expert Report, (3) the findings and diagnoses contained in the medical records, and (4) new medical information submitted to the Appeals Council, which supports a finding of disability. Id. at 25. The Court disagrees.

The authority to make an RFC findings rests solely with the ALJ. Chandler v. Commissioner of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) ("The law is clear that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity."). In assessing a claimant's RFC, the ALJ must conduct an independent analysis of the relevant evidence and weigh inconsistent evidence. 20 C.F.R. §§ 404.1546, 404.15455. The ALJ has done so here.

In assessing Plaintiff's RFC, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Tr. 16. As the ALJ acknowledged, Plaintiff's lumbar and cervical spine MRIs showed some impairments. Tr. 17. But his treating and examining sources found that Plaintiff could walk with a normal gait, exhibited no muscle atrophy, had full motor strength in in his upper and lower extremities, had no neurological deficits in his lower extremities, and had no significant problems with lumbar fusion. Tr. 18. Furthermore, the ALJ also found that the assessment of Dr. Proveder, who conducted the Employment Evaluation Report, to be of little adjudicative value. Tr. 19. The finding of inability to perform any level of physical activity is not supported by the records the doctor reviewed and was based on the Plaintiff's own self-report of his limitations. Therefore, the ALJ did not err by affording Plaintiff's testimony little weight. Tr. 19; LaCorte v. Bowen, 678 F.Supp 80, 84 (D.N.J. 1988). The ALJ's findings that Plaintiff can perform a range

of sedentary work, with some limitations to the use of his fingers is therefore supported by substantial evidence.[2]

IV. CONCLUSION

For the foregoing reasons, the Commissioner's denial of benefits is supported by substantial evidence. The Commissioner's decision is **AFFIRMED.**

/s *Madeline Cox Arleo*
**HON. MADELINE COX ARLEO**
**United States District Judge**

---

[2] Plaintiff's final argument that the matter should be remanded on the basis of new evidence, Pl.'s Br. at 24-25, is unavailing. A court "may at any time order additional evidence to be taken before the Commissioner of social Security, but only upon showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C § 405(g); Melkonyan v. Sullivan, 501 U.S. 89, 100 (1991). Plaintiff has failed to do so here. He has not submitted any additional evidence besides stating that he "is still treating for his conditions, which still persist to this day." Pl.'s Br. at 25. He states that he "is in the process of procuring additional evidence not available during the time of the hearing establishing that Plaintiff still suffers and is presently disabled," id., but has not done so at this time.